O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SANDY SAIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHIPOTLE SERVICES, LLC;<br>CHIPOTLE MEXICAN GRILL, INC.;<br>JOSH MCDONOUGH; and DOES 1<br>through 250, inclusive,<br><br>　　　　　Defendants. | Case No. 2:16-cv-05176-ODW-JEM<br><br>**ORDER GRANTING MOTION TO REMAND [11]** |

## I.　INTRODUCTION

Pending before the Court is Plaintiff Sandy Saiz's Motion to Remand, filed on August 11, 2016. (ECF No. 11.) Defendants filed an opposition on August 29, 2016. (ECF No. 12.) Plaintiff filed a reply brief on September 2, 2016. (ECF No. 14.) Having considered the materials submitted by the parties and for the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

The dispute underlying this case stems from Plaintiff Sandy Saiz's employment with and termination by Defendants Chipotle Services, LLC, Chipotle Mexican Grill, Inc., and Josh McDonough (collectively, "Defendants"). Plaintiff is a California resident. (Compl. ¶ 5, ECF No. 1-1.) Defendants Chipotle Services, LLC, and Chipotle Mexican Grill, Inc. own and operate a Chipotle restaurant ("Chipotle") in Compton, California, where Plaintiff was employed as a Cashier from on or about October 31, 2014, until June 2, 2015. (*Id.* ¶¶ 6, 7, 11; Declaration of Stacey Arledge ("Arledge Decl.") ¶ 4.) Defendant McDonough is a General Manager at Chipotle. (Compl. ¶ 8.)

In March 2015, Plaintiff leaned she was pregnant. (*Id.* ¶ 12.) Plaintiff informed her supervisors and managers at Chipotle of her pregnancy. (*Id.*) Approximately one month into the pregnancy, Plaintiff started to experience some bleeding and her doctor placed her on a ten-pound lifting restriction. (*Id.* ¶ 13.) Plaintiff provided her supervisors with a doctor's note regarding this restriction. (*Id.*) Despite the lifting restriction, Plaintiff was required to lift items weighing over ten pounds in violation of her work restriction. (*Id.* ¶ 14.) Plaintiff reminded her supervisors and managers of her lifting restriction on several occasions, to no avail. (*Id.*) Additionally, Plaintiff was required to take two rest breaks and meal breaks all at once for a fifty-minute break about two hours after clocking in. (*Id.* ¶ 15.) She would then be required to work the rest of the shift without a break. (*Id.*) Plaintiff complained that she needed a break later in her shift due to her pregnancy, again to no avail. (*Id.*)

In or about June 2015, Plaintiff met with General Manager Defendant McDonough and supervisor Evelyn Inu. (*Id.* ¶ 16.) Defendant McDonough informed her that because of her low performance, she was being terminated. (*Id.*) Further, Defendant McDonough would mock Plaintiff for her lifting restriction. (*Id*. ¶ 17.) After Plaintiff's termination, Defendant McDonough would tell employees "don't be a Sandy" when the employee would state he or she could not perform a task. (*Id.*)

On June 1, 2016, Plaintiff filed her Complaint in the Superior Court of California, alleging several claims for wrongful termination, retaliation, pregnancy discrimination, failure to accommodate pregnancy, and intentional infliction of emotional distress. (*See generally* Compl.) Accordingly, Plaintiff seeks damages for lost wages and benefits, emotional distress, punitive damages, attorneys' fees, interest, and costs. (*Id.*)

On July 13, 2016, Defendants timely filed their Notice of Removal ("Not.") to this Court based on the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441(b), alleging that this action is between citizens of different states and involves an amount in controversy exceeding $75,000, exclusive of interest and costs. (Not. ¶¶ 9, 29.) To support their amount in controversy argument, Defendants rely on Plaintiff's hourly salary, the declaration of a Payroll Supervisor, and jury verdicts from other employment cases to estimate Plaintiff's potential damages. (*Id.* ¶¶ 31, 37.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002)).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); Fed.R.Civ.P. 8(a). Where the plaintiff contests the defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 135 S.Ct. at 550.

The preponderance of the evidence standard means the "defendant must provide evidence establishing that it is '*more likely than not*' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996) (emphasis added) (citation omitted). A defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117

(9th Cir. 2004) (internal quotations omitted); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 374 (9th Cir. 1997). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 840 n. 1 (9th Cir. 2002).

## IV. DISCUSSION

As a preliminary matter, Defendants argue that the Court should deny Plaintiff's Motion to Remand because Plaintiff's counsel made no genuine effort to meet and confer with Defendants' counsel, violating Local Rule 7-3. (Opp'n 4.) However, in light of the fact that Plaintiff's counsel did give Defendants notice that she intended to file a Motion to Remand, and the sensitivity of the deadline for the Motion at issue, this Court declines to decide this matter on the basis of non-compliance with the Local Rules and instead reaches the merits of the issues.

Defendants further contend that the amount in controversy exceeds the jurisdictional threshold. Specifically, Defendants estimate Plaintiff's claim for lost wages at $39,520, and state that adding her claims for benefits, interest, specific damages, general damages, and punitive damages, would bring the amount of damages to over $75,000. (Not. ¶¶ 29-32.) Plaintiff contests these allegations by filing this instant Motion to Remand. Accordingly, the Court must weigh the evidence and determine whether Defendants have met their burden, by a preponderance of the evidence, that the jurisdictional amount in controversy is satisfied.

**A. Wages**

Defendants argue that the amount in controversy threshold is met because at the time of Plaintiff's termination, Plaintiff's hourly rate was $9.50, which "equates to $1,520.00 per month and $18,240.00 per year." (Not. ¶ 31.) Defendants further argue that considering the date this case is resolved at trial which is likely no earlier than a year from the date of removal, "Plaintiff's unmitigated lost wages could amount to over $39,520.00." (*Id.*)

Defendants' conclusory and unsubstantiated assertions with respect to Plaintiff's wages are insufficient to meet the burden of establishing, by a preponderance of the evidence, that the amount in controversy meets or exceeds the diversity jurisdiction threshold. Defendants do not state or provide any evidence as to the basis for their calculations. (Not. ¶ 31; Arledge Decl. ¶ 3.) For example, there is no indication as to the number of hours a week Plaintiff worked, and whether she worked the same hours every week. (*Id.*) Defendants' unsubstantiated assertions cannot satisfy the amount in controversy requirement of § 1332(a). *See Gaus*, 980 F. 2d at 567 (remanding for lack of diversity jurisdiction where defendant offered no facts whatsoever to overcome the strong presumption against removal jurisdiction) (internal quotations omitted).

While Defendants suggest that the Court should consider Plaintiff's lost wages through the date this case is resolved at trial in determining the amount in controversy, the Court declines to project lost wages forward to some hypothetical trial date. (Not. ¶ 31.) "[J]urisdiction depends on the state of affairs when the case begins; what happens later is irrelevant." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F. 3d 955, 958 (7th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 590-91 (1938)); *Soto v. Kroger Co.*, No. SACV 12-0780-DOC (RNBx), 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013) (noting that "the guiding principle is to measure amount in controversy at the time of removal"). In measuring lost wages for purposes of the amount in controversy, other courts have cut off the calculation at the date of removal. *See*, *e.g.*, *Soto*, 2013 WL 3071267, at *3 ("Jurisdiction based on removal depends on the state of affairs when the case is removed. Thus, [Defendant] is not persuasive when it argues that wages up until the present should be included in the amount in controversy.") (internal quotation marks and citations omitted); *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *4 (E.D. Cal. Oct. 19, 2009) ("The amount in controversy must be determined at the time of removal.") (internal citation omitted).

Thus, assuming a wage of $9.50 per hour, and a 40-hour work week, the amount in controversy at removal was about $19,760. (Not. ¶ 31.) Even assuming that lost wages would increase as the case went on, Plaintiff still has a considerable gap to close to reach a $75,000 amount in controversy. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002) (measuring lost wages as of removal, noting that this amount would increase, but declining to project future lost wages by the time of trial).

### B. Punitive Damages

Defendants also contend that Plaintiff seeks punitive damages. (Not. ¶ 35.) While punitive damages may be included in the amount in controversy calculation, Plaintiff's request for such damages does not aid Defendants. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."). Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." *Burk v. Med. Sav. Inc. Co.*, 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004). A removing defendant may establish "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases." *Id.*

In attempting to do so, Defendants cite ten cases with damages for emotional distress, punitive damages, or both. (Not. ¶ 37.) These verdicts are from cases with similar claims such as sex discrimination, retaliation, and wrongful termination. (*Id.*) However, Defendants make no effort to analogize or explain how these cases are similar to the instant action. *See Burk*, 348 F.Supp.2d at 1069 (noting that the verdicts must be from cases with analogous facts). Simply citing these cases illustrates that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.

### C. Emotional Distress

Defendants' reliance on Plaintiff's prayer for emotional distress damages is similarly unpersuasive. (Not. ¶¶ 36, 37.) Even if emotional distress damages are potentially recoverable, Plaintiff's complaint does not allege any specific amount for her emotional distress claim, and it would therefore be speculative to include these damages in the total amount in controversy. *See Cable v. Merit Life Ins. Co.*, No. 2:06-cv-0804, 2006 WL 1991664, at *3 (E.D. Cal. July 14, 2006) (defendant's argument that emotional distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant provide[d] no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case.").

Further, Defendants rely on the same cases cited for punitive damages, again without analogizing facts from those cases to this action. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "profer[ed] no evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiff's claims."). For both types of damages, Defendants have made the basic point that these damages are available and were awarded in cases with widely varying claims. It remains unclear what analogous facts should lead the Court to conclude that the amount in controversy at removal was greater than $75,000.

**D. Attorneys' Fees**

Plaintiff's complaint also includes a claim for attorneys' fees. (Compl. 13.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." *Hernandez v. Towne Park, Ltd.*, No. CV 12-02973 MMM (JCGx), 2012 WL 2373372, at *19 (C.D. Cal. June 22, 2012); *see also Reames v. AB Car Rental*

*Servs., Inc.*, 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity jurisdiction statute, and the decisions of the district courts are split on the issue.")

The Court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." *Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL 94109, at *2 (D. Ariz., Jan. 6, 2010) (citing *Abrego Abrego*, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." *Dukes*, 2010 WL 94109, at *2.

Here, Defendants provide no evidence of the amount of attorneys' fees that were incurred at the time of removal. Instead, Defendants assert that "it is simply not believable that Plaintiff would incur less than $75,000 in attorneys' fees if her claim were to proceed through trial." (Not. ¶ 33.) Defendants have not shown by a preponderance of the evidence that the inclusion of attorneys' fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. *See Walton v. AT & T Mobility*, No. 2:11-cv-01988-JHN-JC, 2011 WL 2784290, at *2 (C.D. Cal. July 14, 2011) (declining to reach the issue of whether future attorneys' fees could be considered in the amount in controversy because the defendant did not provide any factual basis for determining how much attorneys' fees have been incurred thus far and will be incurred in the future, and bald assertions are simply not enough.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, the Court is not persuaded that Defendants have met the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Gaus*, 980 F.2d at 566.

Lastly, because the Court finds that the amount in controversy requirement is not met in this case, the Court declines to reach the issue of whether Josh McDonough is a "sham defendant" for diversity purposes.

## V. CONCLUSION

Plaintiff brought a case that, at the time of removal, put into controversy approximately $19,760, along with an unknown potential for other damages. Defendants have not made the required showing by a preponderance of the evidence that these other damages push the amount in controversy over $75,000. Accordingly, the Court finds that it does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

October 28, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**